UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH ALFONSO DURAN,

               Petitioner - Appellee,

  v.

MATTHEW CATE, Secretary,

               Respondent - Appellant.

No. 11-55566

D.C. No. 3:08-cv-00430-WQH-RBB

ORDER

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

On March 9, 2011, the district court granted state prisoner Joseph Duran a writ of habeas corpus on the ground that Duran's waiver of his right to counsel violated *Faretta v. California*, 422 U.S. 806 (1975) because it was not knowingly and intelligently made for the reason that the state trial judge who took the *Faretta* waiver incorrectly told Duran that he faced a maximum prison sentence of twenty years. The state timely appealed. We heard oral argument in this case on March 9, 2012.

At oral argument, the state reversed its position and argued for the first time that the state trial judge who took the *Faretta* waiver on October 28, 2004 correctly advised Duran that he faced a maximum punishment of twenty years. The state pointed out that twenty years was the maximum possible punishment at the time of the *Faretta* waiver because the original information only alleged one prior strike. The state pointed out that it was only after an amended information was filed on January 13, 2005 that Duran was exposed to a maximum term of life imprisonment, because the amended information included an additional prior strike, for a total of two prior strikes. Because the district court did not have the benefit of this argument when it granted Duran habeas relief, we VACATE the district court's grant of habeas relief and REMAND for the district court to reconsider Duran's amended habeas petition in light of the state's new position.

On remand, the district court shall consider the state's new position that the state trial judge correctly advised Duran of his maximum punishment (20 years) at the time of the October 28, 2004 *Faretta* waiver. In addition, the district court shall review any state court records regarding Duran's January 14, 2005 arraignment on the amended information. (A copy of the state court minute order for Duran's January 14, 2005 arraignment is attached to this order.) After reviewing the state court record, the district court shall make factual findings on

2

the full extent of the advice that the state trial judge gave Duran regarding his rights during the January 14, 2005 arraignment, including: (1) whether Duran was advised of the maximum punishment he faced upon conviction, and, (2) whether Duran was advised of his Sixth Amendment right to counsel.

After making these factual findings, the district court shall issue a ruling on all of the claims in Duran's amended habeas petition, including Duran's *Faretta* claim.

After it rules on Duran's amended habeas petition, the district court may issue a certificate of appealability on any claim raised in Duran's amended habeas petition.

**VACATED and REMANDED.**

Duran v. Cate, No. 11-55566

TALLMAN, Circuit Judge, dissenting:

I respectfully dissent from the panel's decision to remand this case to the district court. The majority ignores AEDPA's allocation of the burden of proof on the petitioner. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). This decision reverses the statutory burden and shifts it to the State to disprove the unsupported claim. Further, remand for reconsideration is unnecessary because the decision of the California courts to deny habeas relief was objectively reasonable where the United States Supreme Court "has not squarely established that, after a valid *Faretta* waiver, criminal defendants must be re-advised of the right to counsel following the addition of new charges against them . . . ." *Becker v. Martel*, 472 Fed. App'x 823, 824 (9th Cir. 2012).

When the district court granted Duran habeas relief, the district court mistakenly believed that the state trial judge who took the *Faretta* waiver on October 28, 2004, incorrectly advised Duran that he faced a maximum punishment of twenty years instead of life imprisonment. The parties now agree that at that time Duran was facing a single count with a maximum punishment of twenty years and that he was correctly advised when he waived counsel. He was also expressly warned that he would be responsible for all consequences in the future of his

1

decision to represent himself. It was only after the amended information was filed on January 13, 2005, adding several additional counts that Duran was exposed to a maximum term of life imprisonment. That is an inherent risk in a criminal prosecution which Duran agreed to take by demanding to be his own lawyer.

We must remain true to the constrictions of AEDPA. Even if the district court's understanding of the facts had been correct, our determination of whether the California Supreme Court's denial of Duran's *Faretta* claim was based on "an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), would remain unchanged. It is unchallenged that the Supreme Court has not squarely addressed whether a criminal defendant, after a valid *Faretta* waiver, must be re-advised of the right to counsel following a substantial change in circumstances. *Becker*, 472 Fed. App'x at 824. An evidentiary hearing on remand will not change the result in this case. Any new factual findings on remand regarding Duran's January 14, 2005, arraignment, including whether the state trial judge advised Duran that he faced a maximum term of life imprisonment, would not alter the "unreasonable application" analysis of the California Supreme Court's denial of the *Faretta* claim when the knowing and voluntary waiver was previously taken by the San Diego County Superior Court.

Duran bears the burden of establishing entitlement to habeas relief on his *Faretta* claim and in light of the foregoing analysis he failed to carry that burden, notwithstanding any new factual findings that might be made regarding his January 14, 2005, arraignment. Because a remand to the district court could not ultimately yield a successful *Faretta* claim, I would vacate the district court's grant of the writ and remand with instructions to deny federal habeas relief. I respectfully dissent.